83,008-02

Court of Criminal Appeals
Clerk, Abel Acosta

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 05 2015

Abel Acosta, Clerk

Re: Warren K. Rodgers
Tr. Ct. No. 16,040-2001A
WR-83-008-02.

Dear Clerk Acosta,
     Please find enclosed MY Motion
for rehearing pursuant to Rule 79.1.
Please notice that I have filed it
within (15) Days.
Please file and bring to the
attention of the court for
reconsideration.

Thank you for your awesome service!!

Yours Truly,
Warren K. Rodgers
Telford Unit
3899 State Hwy. 98
New Boston, TX 75570

June, 2, 2015

MOTION DISMISSED
DATE: 6-15-15
BY:

TR. Ct. No. 16,940-2001A
VUL-83,008-02

WARREN K. Rodgers : Court of Criminal
VS. : Appeals of Texas
STATE OF TEXAS :
:
:
&

MOTION REQUESTING FOR Rehearing PURSUANT
TO RULE-79.1 :

TO THE HONORABLE Judge of said court &
NOW COMES, WARREN K. Rodgers, PRO-SE,
And Respectfully submits his MOTION
FOR Rehearing, seeking reversal of
this Honorable decision, and the
Judgment against him which sentenced
him to Life inPRISON FOR MURDER,
And would show the following Reasons:
I.

GROUND - TRIAL COURT ERRORED ON
DUE PROCESS: Applicant contends
that the trial court errored by
allowing an unqualified state
expert witness to supply testimony
to linking Applicant to the Page.1
CRIME SCENE, Violated My 14th AMEND,

Applicant contends the state expert, Mr. A.J. Jumper worked for Swifs. Mr. Jumper told Jurors that he was an expert in classifying and identifying shoes and tire imprints. (SEE, R.R. Vol. 8 at 45). Mr. Jumper NEVER attended College. (SEE, R.R. Vol. 7 at 243.) Nor has Mr. Jumper taught any classes, aside from one presentation to other officers on Recognizing the general pattern. (SEE, R.R. Vol. 8 at 63-64)

Applicant contends that Mr. Jumper did not know how tires are labeled. Mr. Jumper, state expert could not look at a tire tread and tell the size or width of the tire. (SEE, R.R. Vol. 8 at 8-9, 46). Applicant ask this Honorable Court to use your common sense, as I demonstrate in facts.

On or about March 18, 2003, at trial, Mr. Jumper did not consider the effect of the donut tire, which was on my van, on the Rear driver's side.

Applicant contends that the donut tire DID not appear on the tracks.

Page 2

Applicant states very clearly in facts, that the donut tire on the rear driver side. If it was at the crime scene it would have crushed the print of the front wheel or left a print along the side, of a donut tire track. Mr. Jumper could not explain this to the jury and he had not even thought of the donut tire. He guessed that the donut tire might not have any mud on it, but somehow the other three regular size tires did. (SEE, VOL.8 at 46-47, 65-71). Applicant contends that this being the case does not place him at the crime scene at all. Worse of all, the tire prints do not match my van.

Mr. A.J. Jumper has deliver to the jury misleading knowledge to link Applicant to the murder scene on the railroad tracks. Please see, Mata v. State or Rule 703 and 702 which was violated.

Applicant ask for relief of a new trial or to develop the facts in affidavit with both sides.

Page 3

## GROUND: IMPROPER INVESTIGATIVE PROCEDURES:

Applicant contends that the Mineola law enforcement has failed to conduct an proper investigation, with skills, training education, instruction and good common sense. Applicant contends at trial Wood County Sheriff Dep. William Burge testified that he arrived at the scene and the found the body. He walked the area and found one shoe print and two tire prints. (SEE, R.R. VOL.5 at 191-95, 208-12; Exhs P8, P9, P10, P18, P20; R.R. VOL.6 at 78), Dep. William Burge EXPLAINED that there was a Road and a home on the other side of the tracks. (SEE, INV. HENSON, R.R. VOL.6 at 86-87). Dep. Burge stated that no one checked to see what kind of cars the homeowner drove or whether he had recently crossed the tracks. (SEE, R.R. VOL.5 at 206-08, VOL.6 at 87).

Page 4

Applicant contends that it should be clear to this Honorable court that an Evidentiary hearing is necessary and would best serve the interest of Justice, the court, the Applicant by ensuring that both sides of the arguments are presented. On a question to why nobody check the home and cars on that road? Why Nobody back track those tire tracks to see where they led back too? This must be develop in order to determine if the procedures and Jury verdict support a guilty point toward the Applicant. It's clear that the tire prints does not match. It's also clear that Mineola Police Dept, is hiding the truth and the suspect of this Murder of My dear wife whats in the Dark shall come to the light in due time. Applicant Respectfully Request of this Development to be granted.

Page 5

## CONCLUSION :

The Applicant contends that the FBI has not been so honest, as in DNA Data Matching and procedures. Applicant contends that most of the expert in his case, could not found a match, but misleading the Jury. The prosecuting Attorney withheld from the Jury exculpatory evidence which was my wife car, my wife purse, my wife glasses. Applicant ask where are these items?

## PRAYERS

Applicant prays that this court enters an order declaring that that this petition of Rehearing should be granted and the Applicant is entitled to Relief.